Cathy TAYLOR, Individually and as Representative of the Estate of Dorothy Hebert, et al., Appellants,

v.

ANATOMICAL BOARD OF the STATE of Texas, Appellee.

and

Tim Kennedy, Individually and as Representative of the Estate of Edna Mae Kennedy, et al., Appellants,

v.

Anatomical Board of the State of Texas, Appellee.

Nos. 09–03–577 CV, 09–03–578 CV.

Court of Appeals of Texas, Beaumont.

Submitted Sept. 9, 2004.

Decided Oct. 21, 2004.

William David George, Sandra T. Krider, Edwards & George, Houston, for appellants.

George Abbott, Atty. General, Barry R. McBee, First Asst. Atty. General, Edward D. Burbach, Deputy Atty. General Litigation, R. Ted Cruz, Solicitor General, Ryan D. Clinton, Asst. Solicitor General, Robert Johnson, Asst. Atty. General, Austin, for appellee.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice.

This appeal is from the granting of a state agency's plea to the jurisdiction in two cases subject to a pre-trial multidistrict litigation order.[1]  (1) In trial court cause No. E–168,256 (Appeal No. 09–03–577 CV), which is filed in the 172nd District Court, the plaintiffs are Cathy Taylor, Individually and as Representative of the Estate of Dorothy Hebert, Roger Hebert and Jim Hebert; Elvia Sykes, Individually and as Representative of the Estate of Peter Gordon Sykes; James Saylor, Individually and Representative of the Estate of Pauline Emily Saylor; Barbara Barker, Individually and Representative of the Es-

---

1. The pretrial judge was appointed before the effective date of the current version of Rules of Judicial Administration 11, the multidistrict litigation ("MDL") rule.  See Tex.R. Jud. Admin. 11, *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. F app.  (Vernon 1998) (amended effective Aug. 31, 2003).

tate of Larry Barnes; Tricia Deland, Individually and Representative of the Estate of John T. Gardner; and Dale Soderman, Individually and Representative of the Estate of Alfred Soderman. In trial court cause No. D–168,353 (Appeal No. 09–03–578 CV), which is filed in the 136th District Court, the plaintiffs are Tim Kennedy, Individually and as Representative of the Estate of Edna Mae Kennedy; Matthew Langianese, Individually and as Representative of the Estate of Norma Langianese, Joette Langianese, Michelle Langianese; Debbie Zambardino, Individually and as Representative of the Estate of Obie Ray Duncan, Dustin Duncan; Catherine Lee, Individually and as Representative of the Estate of Peter G. Lee; and Jack W. Pryor, Jr., Individually and as Representative of the Estate of Barbara Ann Hunt. In both cases, the plaintiffs assert claims of negligence, negligent supervision, negligent entrustment, negligence per se, breach of contract, and constructive fraud against the Anatomical Board of the State of Texas ("the Board"), one of eighteen defendants sued in connection with the mishandling of corpses donated through the Willed Body Program administered by The University of Texas Medical Branch at Galveston ("UTMB"). After conducting a hearing in which no testimony was taken, the pretrial judge granted the pleas to the jurisdiction. The two groups of appellants raise identical issues. We affirm.

In issue one, the appellants maintain they have adequately alleged a breach of a special relationship such that they have standing to seek mental anguish damages against the Anatomical Board. These claims, they argue, sound in tort rather than in contract.[2] (2) The First Court of Appeals recently rejected this argument in an appeal from the grant of UTMB's pleas to the jurisdiction in two Galveston County cases subject to the same multidistrict litigation order involved here. *See Noah v. University of Texas Med. Branch at Galveston,* Nos. 01–03–00985–CV and 01–03–00986–CV, —— S.W.3d ——, 2004 WL 1794642 (Tex.App.-Houston [1st Dist.] Aug. 12, 2004, pet. filed) (not yet reported).[3] (3) Appellants' second issue contends that the claims against the Board fall within the Tort Claims Act's waiver of immunity because the appellants adequately allege their injuries were caused by the use of tangible personal property.

■ A unit of state government is immune from suit and liability unless the State consents. *Dallas Area Rapid Transit v. Whitley,* 104 S.W.3d 540, 542 (Tex. 2003). The plaintiffs must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity. Id. The Anatomical Board of the State of Texas is a state agency composed of professors appointed by the chief executive officers of each school of chiropractic, osteopathy, medicine, or dentistry incorporated in this state. Tex. Health & Safety Code Ann. § 691.002 (Vernon 2003). It distributes bodies to institutions and persons authorized to receive bodies. Tex. Health & Safety Code Ann. §§ 691.022(a); 691.030 (Vernon Supp.2004). Chapter 691, Health

---

**2.** The Board's pleas to the jurisdiction do not raise lack of a special relationship as grounds for dismissal. Instead, the Board argues that the claims alleged in the plaintiffs' petitions are not cognizable under the Tort Claims Act and that the plaintiffs did not obtain legislative consent to sue. The families adopt their responses to UTMB's pleas as their sole response to the Board's pleas; those responses include the "special relationship" argument presented in issue one of their brief.

**3.** The pleas to the jurisdiction filed by UTMB in the Jefferson County cases are consistent with the pleas discussed in *Noah.* UTMB argues that it owes no duty to the families of the donors because its contractual relationship was with the deceased.

and Safety Code, grants rule making authority to the Board but does not contain language waiving immunity. See Tex. Health & Safety Code Ann. §§ 691.001–.035 (Vernon 2003 & Supp.2004); 25 Tex. Admin. Code §§ 471.1–483.1 (2004); see also §§ 692.001–.016 (Vernon 2003 & Supp.2004)(Texas Anatomical Gift Act).

■■■■ The Tort Claims Act waives the State's immunity for personal injury caused by a condition or use of tangible personal or real property. Tex. Civ. Prac. & Rem.Code Ann. § 101.021(2) (Vernon 1997). Section 101.021(2) waives immunity for a use of personal property only when the governmental unit is itself the user. *San Antonio State Hosp. v. Cowan*, 128 S.W.3d 244, 245–46 (Tex.2004). The plaintiffs allege that the supervisor of UTMB's willed body program, Allen Tyler, was employed both by UTMB and the Board, and that Tyler negligently commingled the ashes of the donors' bodies. The plaintiffs allege that the Board breached its duty to the plaintiffs to oversee UTMB's willed body program, to carry out periodic effective inspections of the program's facilities and records, and to ensure that required records were being maintained. They allege that the Board breached its duty to ensure that its agents and employees properly used the equipment and tangible personal property of UTMB, and to ensure that the persons working in the program comply with all applicable laws and regulations in the handling of willed bodies. They further allege that the Board breached its statutory mandate to investigate persons or institutions suspected of improperly handling a body and to revoke authorization to receive willed bodies if improper handling has occurred, and further to approve all out-of-state transfers of the bodies willed to the State. The alleged failures of the Board to oversee the program, to inspect facilities and records, to supervise the use of tangible property, to investigate, and to review transfers do not involve the use of tangible personal property by the Board. Thus, those claims cannot be maintained under Section 101.021(2) and the Board's immunity from suit is not waived. *See University of Texas Med. Branch at Galveston v. York*, 871 S.W.2d 175, 178–79 (Tex.1994).[4]

The plaintiffs' petitions do allege, however implausibly, that Allen Tyler is an employee of the Board. Tyler allegedly sold bodies for profit and commingled the cremated remains of different donors. The appellants contend the willed bodies were themselves the tangible personal property used while they were "embalmed, stored, dissected, and/or segmented to be used in various types of biomedical research."[5] On appeal, the families contend the personal injury sustained is the mental anguish they suffered when the gruesome details of the disposition of their loved ones' corpses were imparted to them. The appellee contends the pleaded common-law tort claim is, in reality, a claim for breach of contract that is not actionable against the State because the appellants have not obtained legislative consent to sue. This is the issue resolved by the First Court of Appeals in *Noah*, by the Fourteenth Court of Appeals in another willed body case arising out of the same multidistrict litiga-

---

**4.** We note that the exercise of discretionary powers is not within the waiver of immunity provided through the Act. Tex. Civ. Prac. & Rem.Code Ann. § 101.056(2) (Vernon 1997).

**5.** In support of their argument that the bodies are personal property used in the commission of a tort, the appellants refer us to an invoice from UTMB to The Upledger Institute, Inc., and to UTMB's admission to commingling the plaintiffs' relatives' remains. The only allegations at issue in this appeal, however, are the assertions of the use of bodies and crematorium equipment by the Anatomical Board.

tion pretrial court, and the Dallas Court of Appeals in a case involving a different willed body program. *See Noah,* —— S.W.3d ——, 2004 WL 1794642; *University of Texas Med. Branch at Galveston v. Harrison,* No. 14–02–01276–CV, 2003 WL 21803314 (Tex.App.-Houston [14th Dist.] 2003, pet. denied) (mem.op.); and *Clark v. University of Texas Southwestern Med. Center at Dallas,* No. 05–98–01210–CV, 2001 WL 128593 (Tex.App.-Dallas 2001, no pet.) (not designated for publication).[6]

▬ The extra-contractual duties upon which the families rely are the duties expressed in the Restatement of Torts to not mishandle human remains and the statutory duty to dispose of the remains with respect and dignity. See Restatement (Second) of Torts § 868 (1979); Tex. Health & Safety Code Ann. § 691.022 (Vernon Supp.2004). Section 691.022 imposes a duty on the Board to adopt rules. The adoption of rules does not involve the use of tangible personal property. Assuming Section 691.022 creates a duty, it neither creates a private cause of action for family members, nor contains an express statutory waiver of immunity. See *Noah,* —— S.W.3d at ——, 2004 WL 1794642, *6. If the appellee's conduct would give rise to liability only because that conduct breaches the parties' agreement, the claim sounds only in contract. *Id.* —— S.W.3d at ——, at *5. All of the appellants allege that their deceased family members donated his or her body to the Anatomical Board. Their claims arise out of failure to perform according to the terms of the willed body forms. As was the case in *Noah* nd *Harrison,* the appellants' claims do not arise from a breach of any duties owed to the appellants independent of the Board's contractual duties. The nature of the contract may be such that mental an-

guish damages are recoverable, but the executed will forms are the source of the Board's duties in the handling and disposition of the bodies of Dorothy Hebert, Peter Gordon Sykes, Pauline Emily Saylor, Larry Barnes, John T. Gardner, Alfred Soderman, Edna Mae Kennedy, Norma Langianese, Obie Ray Duncan, Peter G. Lee, Barbara Ann Hunt. The injuries sound in contract, not in tort.

▬ The appellants also argue that the Board waived its immunity from suit on their contract claims by accepting the bodies. The State does not waive immunity from suit simply by contracting with a private party. *Texas Natural Resource Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 854 (Tex.2002). Furthermore, the Board certainly did not waive immunity from suit in the contract, as the will forms included in the clerk's records contain a clause substantially stating the following: "I hereby relinquish all rights and claims regarding hereon [sic] described body, by any person whatsoever, and direct that in accepting and using the body for scientific purposes, and disposing of the body, neither the Anatomical Board of the State nor the receiving institution shall incur any liability, and no claim shall arise against that institution in any manner."

We hold that the trial court did not err in granting the pleas to the jurisdiction filed by the Anatomical Board of the State of Texas. Issues one and two are overruled. The trial court's orders are affirmed.

AFFIRMED.

▬

---

**6.** As an unpublished opinion, *Clark* has no precedential value. *See* Tex.R.App. P. 47.7. We regard this case as persuasive authority only.