NO. 07-02-0418-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



DECEMBER 21, 2004



______________________________




NEDIEM MAHMOUD SAADEDDINE, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 163RD DISTRICT COURT OF ORANGE COUNTY;



NO. B010142-R; HONORABLE DENNIS POWELL, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant Nadiem Mahmoud Saadeddine appeals from a judgment adjudicating him
guilty of aggravated sexual assault and sentencing him to 25 years incarceration. We
affirm.

 Pursuant to a plea bargain, appellant pled guilty to the charge of aggravated sexual
assault. The trial court accepted the punishment recommendation, deferred adjudication
of guilt and placed appellant on community supervision for ten years.

 The State filed a motion to adjudicate. At the hearing on the State's motion,
appellant pled "true" to five allegations of violating the terms of his community supervision. 
The trial court found that appellant violated the terms of his probation, revoked appellant's
community supervision, and adjudicated him guilty. Following a subsequent punishment
hearing, appellant was sentenced to incarceration for 25 years in the Institutional Division
of the Texas Department of Criminal Justice. 

 Appointed counsel for appellant has filed a Motion to Withdraw and a Brief in
Support thereof. In support of the Motion to Withdraw, counsel has certified that, in
compliance with Anders v. California, 386 U.S. 738, 744-745, 87 S.Ct. 1396, 18 L.Ed.2d
493 (1967), the record has been diligently reviewed and that, in the opinion of counsel, the
record reflects no reversible error or grounds upon which a non-frivolous appeal can
arguably be predicated. Counsel thus concludes that the appeal is frivolous. Counsel has
discussed why, under the controlling authorities, there is no arguably reversible error in the
trial court proceedings or judgment. See High v. State, 573 S.W.2d 807, 813
(Tex.Crim.App. 1978).

 Counsel has attached exhibits showing that a copy of the Anders brief and Motion
to Withdraw have been forwarded to appellant, and that counsel has appropriately advised
appellant of his right to review the record and file a response to counsel's motion and brief. 
Appellant has not filed a response. 

 In deferred adjudication proceedings, appeal as to issues relating to the original
deferred adjudication proceeding must be appealed when the deferred adjudication is first
imposed. See Vidaurri v. State, 49 S.W.3d 880, 884-86 (Tex.Crim.App. 2001); Daniels v.
State, 30 S.W.3d 407, 408 (Tex.Crim.App. 2000). Appellant did not do so. Thus, his notice
of appeal was not timely to invoke appellate jurisdiction to review the original proceeding. 

 As to those matters unrelated to his original deferred adjudication proceeding, we
have made an independent examination of the record to determine whether there are any
arguable grounds for appeal. See Penson v. Ohio, 488 U.S. 75, 80, 109 S.Ct. 346, 102
L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We
have found no such grounds. We agree that appeal of any such issues would be frivolous. 

 The appeal is dismissed for lack of jurisdiction as to any issues relating to appellant's
original deferred adjudication proceeding. The judgment of the trial court is affirmed as to
any issues unrelated to the original deferred adjudication proceeding. Appellate counsel's
motion to withdraw is granted. 


 Phil Johnson

 Chief Justice


Do not publish. 



F="#N_7_"> (7) by which the decedents or family members
authorized donation of the decedents' bodies spell out UTMB's obligations for the return
of the cremation remains, see DeWitt County Elec. Co-op v. Parks, 1 S.W.3d 96, 105 (Tex.
1999), and for the further reasons discussed in Noah at 5, we find that appellants' special
relationship claims sound in contract. 

 Appellants argue that the duties concerning handling of willed bodies imposed by
provisions of the Health and Safety Code and the Administrative Code (8) give rise to a legally
cognizable special relationship between them and UTMB. The court rejected those
contentions in Noah, and we also conclude that the statutory and administrative provisions
cited do not form a basis for UTMB's liability to appellants independent of their relationship
under the donation agreements. See Noah, at 6. 

 By contracting with a private party, a governmental unit waives immunity from liability
under the contract but not immunity from suit. It waives immunity from suit only through
express consent. See Catalina Dev., Inc. v. County of El Paso, 121 S.W.3d 704, 705 (Tex.
2003); Federal Sign v. Texas Southern Univ., 951 S.W.2d 401, 408 (Tex. 1997). 
Appellants have not shown the existence of the required express consent for suit against
UTMB based on breach of contract. (9) Appellants contend that, even if their claims against
UTMB are based in contract, the medical school waived its immunity from suit by accepting
the donated bodies and making use of them then breaching its agreement to return the
cremated remains. See Catalina, 121 S.W.3d 705-06; Federal Sign, 951 S.W.2d at 408 
n.1. On this point also we will follow the Harrison and Noah opinions, and decline to find
that UTMB's conduct served to waive its immunity. Noah, at 7; Harrison, at 2. See also
Taylor, 148 S.W.3d at 665. Accordingly, the trial court did not err in its grant of UTMB's plea
to the jurisdiction. 

 Appellants' first issue is overruled, and our disposition of it makes consideration of
their second issue unnecessary. We affirm the orders of the trial court dismissing
appellants' claims against UTMB. 

 James T. Campbell

 Justice
1. Former Chief Justice Phil Johnson was on the panel that heard oral argument. He
did not participate in the decision. Tex. R. App. P. 41.1(b).
2. Appellants are the same parties listed in the opinion in Taylor v. Anatomical Board
of Texas, 148 S.W.3d 661, 662-63 (Tex.App.-Beaumont 2004, pet. denied).
3. The bodies were provided in conformity with the Texas Anatomical Gift Act. See
Tex. Health & Safety Code Chapter 692 (Vernon 2003 & Supp. 2004).
4. The petitions did not allege the sale of any specific body.
5. See City of Tyler v. Likes, 962 S.W.2d 489, 496 (Tex. 1997) (mental anguish
compensable as the foreseeable result of a breach of duty arising out of certain special
relationships).
6. Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2) (Vernon 2005).
7. Referred to in Taylor as the "willed body forms." 148 S.W.3d at 665.
8. Appellants cite Tex. Health & Safety Code Ann. § 691.022 (Vernon Supp. 2004),
and regulations of the Anatomical Board, 25 Tex. Admin. Code §§ 477.4, 479.4 and 479.5
(2003).
9. The provisions of Chapter 2260 of the Government Code have no application here
because appellants' claims are for personal injury. See Tex. Gov't Code Ann. § 2260.002
(Vernon 2000).