NO. 07-03-0438-CV

 07-03-0439-CV


IN THE COURT OF APPEALS


FOR THE SEVENTH DISTRICT OF TEXAS


AT AMARILLO


PANEL A


JUNE 30, 2005


______________________________


TIM KENNEDY, INDIVIDUALLY AND AS THE REPRESENTATIVE

OF THE ESTATE OF EDNA MAE KENNEDY, ET AL., APPELLANTS


V.


UNIVERSITY OF TEXAS MEDICAL BRANCH AT GALVESTON, APPELLEE

_________________________________


FROM THE 136TH DISTRICT COURT OF JEFFERSON COUNTY;


NO. D-0168353; HONORABLE MILTON SHUFFIELD, JUDGE

_______________________________


and

________________________________


CATHY TAYLOR, INDIVIDUALLY AND AS THE REPRESENTATIVE

OF THE ESTATE OF DOROTHY HEBERT, ET AL., APPELLANTS


V.


UNIVERSITY OF TEXAS MEDICAL BRANCH AT GALVESTON, APPELLEE

__________________________________


FROM THE 172ND DISTRICT COURT OF JEFFERSON COUNTY;

NO. E0168256; HONORABLE DONALD FLOYD, JUDGE

__________________________________


Before REAVIS and CAMPBELL, JJ. (1)

MEMORANDUM OPINION

 These companion cases present another of the appeals challenging the dismissal
of claims arising from the operation of the willed body program at the University of Texas
Medical Branch at Galveston (UTMB) on a plea to the jurisdiction filed by a governmental
entity. We will affirm the trial court's dismissal of claims against UTMB. 

 The two groups of plaintiffs, appellants here, (2) filed separate suits against UTMB,
three of its employees and other entities for mental anguish damages they claim resulted
from UTMB's operation of its willed body program. Appellants alleged UTMB failed to
return cremation remains of relatives whose bodies had been donated to the program for
the advancement of medical science. (3) They also alleged a UTMB employee illegally sold
bodies and body parts for profit. (4) Appellants asserted claims against UTMB based on
negligence, negligent supervision, negligent entrustment, negligence per se, breach of
contract, constructive fraud and vicarious liability.

 UTMB filed pleas to the jurisdiction in each suit arguing, among other contentions,
that appellants failed to allege viable causes of action against it, and failed to allege facts
supporting a waiver of governmental immunity. The trial court granted UTMB's pleas in
both cases, without stating the specific basis for its rulings. The orders also severed the
claims against UTMB in each case, creating the final appealable orders now before us.

 Appellants have filed a single brief in support of both appeals. In it they present two
issues: (1) whether they adequately alleged a special relationship (5) to establish standing
to recover mental anguish damages against UTMB; and (2) whether their pleadings
properly alleged injuries caused by the use of tangible personal property, bringing their
claims within the waiver of immunity under Section 101.021(2) of the Texas Tort Claims
Act. (6) 

 Appellants presented the same issues in their appeals of the trial court's grant of the
pleas to the jurisdiction filed by another defendant in the same cases, the Anatomical Board
of Texas, which was affirmed in Taylor, 148 S.W.3d 661. In that opinion, the Beaumont
court expressed agreement with the Anatomical Board's contention that the plaintiffs'
claims founded on an asserted special relationship authorizing recovery of damages for
mental anguish were based on contract, not tort law. Id. at 665. The First and Fourteenth
Courts of Appeals reached the same conclusion in related cases. See Noah v. University
of Texas Medical Branch at Galveston, No. 01-03-0985-CV, 2004 WL 1794642
(Tex.App.-Houston [1st Dist.] Aug. 12, 2004, pet. denied) (not yet reported); University of
Texas Medical Branch at Galveston v. Harrison, No. 14-02-1276-CV, 2003 WL 21803314
(Tex.App.-Houston [14th Dist.] 2003, pet. denied) (mem. op.). We will follow those courts'
lead here. Because the donation agreements (7) by which the decedents or family members
authorized donation of the decedents' bodies spell out UTMB's obligations for the return
of the cremation remains, see DeWitt County Elec. Co-op v. Parks, 1 S.W.3d 96, 105 (Tex.
1999), and for the further reasons discussed in Noah at 5, we find that appellants' special
relationship claims sound in contract. 

 Appellants argue that the duties concerning handling of willed bodies imposed by
provisions of the Health and Safety Code and the Administrative Code (8) give rise to a legally
cognizable special relationship between them and UTMB. The court rejected those
contentions in Noah, and we also conclude that the statutory and administrative provisions
cited do not form a basis for UTMB's liability to appellants independent of their relationship
under the donation agreements. See Noah, at 6. 

 By contracting with a private party, a governmental unit waives immunity from liability
under the contract but not immunity from suit. It waives immunity from suit only through
express consent. See Catalina Dev., Inc. v. County of El Paso, 121 S.W.3d 704, 705 (Tex.
2003); Federal Sign v. Texas Southern Univ., 951 S.W.2d 401, 408 (Tex. 1997). 
Appellants have not shown the existence of the required express consent for suit against
UTMB based on breach of contract. (9) Appellants contend that, even if their claims against
UTMB are based in contract, the medical school waived its immunity from suit by accepting
the donated bodies and making use of them then breaching its agreement to return the
cremated remains. See Catalina, 121 S.W.3d 705-06; Federal Sign, 951 S.W.2d at 408 
n.1. On this point also we will follow the Harrison and Noah opinions, and decline to find
that UTMB's conduct served to waive its immunity. Noah, at 7; Harrison, at 2. See also
Taylor, 148 S.W.3d at 665. Accordingly, the trial court did not err in its grant of UTMB's plea
to the jurisdiction. 

 Appellants' first issue is overruled, and our disposition of it makes consideration of
their second issue unnecessary. We affirm the orders of the trial court dismissing
appellants' claims against UTMB. 

 James T. Campbell

 Justice
1. Former Chief Justice Phil Johnson was on the panel that heard oral argument. He
did not participate in the decision. Tex. R. App. P. 41.1(b).
2. Appellants are the same parties listed in the opinion in Taylor v. Anatomical Board
of Texas, 148 S.W.3d 661, 662-63 (Tex.App.-Beaumont 2004, pet. denied).
3. The bodies were provided in conformity with the Texas Anatomical Gift Act. See
Tex. Health & Safety Code Chapter 692 (Vernon 2003 & Supp. 2004).
4. The petitions did not allege the sale of any specific body.
5. See City of Tyler v. Likes, 962 S.W.2d 489, 496 (Tex. 1997) (mental anguish
compensable as the foreseeable result of a breach of duty arising out of certain special
relationships).
6. Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2) (Vernon 2005).
7. Referred to in Taylor as the "willed body forms." 148 S.W.3d at 665.
8. Appellants cite Tex. Health & Safety Code Ann. § 691.022 (Vernon Supp. 2004),
and regulations of the Anatomical Board, 25 Tex. Admin. Code §§ 477.4, 479.4 and 479.5
(2003).
9. The provisions of Chapter 2260 of the Government Code have no application here
because appellants' claims are for personal injury. See Tex. Gov't Code Ann. § 2260.002
(Vernon 2000). 



iority="71" SemiHidden="false"
 UnhideWhenUsed="false" Name="Colorful Shading Accent 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









                                                            NO. 07-10-0323-CR

 

                                                   IN
THE COURT OF APPEALS

 

                                       FOR
THE SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                     PANEL
D

 

                                                          NOVEMBER
24, 2010

                                            ______________________________

 

                                                    GREGORY
BRYCE HANEY,

 

                                                                                                            Appellant

 

                                                                             v.

 

                                                        THE
STATE OF TEXAS, 

 

                                                                                                            Appellee

_______________________________

 

                        FROM
THE 64th DISTRICT COURT OF CASTRO COUNTY;

 

                     NO.
A3173-0805; HON. ROBERT W. KINKAID, JR., PRESIDING

                                           _______________________________

                                                                              

                                                          On
Motion to Dismiss

                                           _______________________________

 

Before
QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

 

Appellant Gregory
Bryce Haney, by and through his attorney, has filed a motion to dismiss his
appeal, signed by appellant, because he no longer desires to prosecute it.  Without passing on the merits of the case, we
grant the motion to dismiss pursuant to Texas Rule of Appellate Procedure
42.2(a) and
dismiss the appeal.  Having dismissed the
appeal at appellant=s request, no motion for
rehearing will be entertained, and our mandate will issue forthwith.

 

Do
not publish.                                                            Per
Curiam