NO. 07-03-0438-CV
07-03-0439-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 30, 2005

_____

TIM KENNEDY, INDIVIDUALLY AND AS THE REPRESENTATIVE
OF THE ESTATE OF EDNA MAE KENNEDY, ET AL., APPELLANTS

V.

UNIVERSITY OF TEXAS MEDICAL BRANCH AT GALVESTON, APPELLEE
_____

FROM THE 136TH DISTRICT COURT OF JEFFERSON COUNTY;

NO. D-0168353; HONORABLE MILTON SHUFFIELD, JUDGE
_____

and

_____

CATHY TAYLOR, INDIVIDUALLY AND AS THE REPRESENTATIVE
OF THE ESTATE OF DOROTHY HEBERT, ET AL., APPELLANTS

V.

UNIVERSITY OF TEXAS MEDICAL BRANCH AT GALVESTON, APPELLEE
_____

FROM THE 172ND DISTRICT COURT OF JEFFERSON COUNTY;

NO. E0168256; HONORABLE DONALD FLOYD, JUDGE
_____

Before REAVIS and CAMPBELL, JJ.[1]

**MEMORANDUM OPINION**

These companion cases present another of the appeals challenging the dismissal of claims arising from the operation of the willed body program at the University of Texas Medical Branch at Galveston (UTMB) on a plea to the jurisdiction filed by a governmental entity. We will affirm the trial court's dismissal of claims against UTMB.

The two groups of plaintiffs, appellants here,[2] filed separate suits against UTMB, three of its employees and other entities for mental anguish damages they claim resulted from UTMB's operation of its willed body program. Appellants alleged UTMB failed to return cremation remains of relatives whose bodies had been donated to the program for the advancement of medical science.[3] They also alleged a UTMB employee illegally sold bodies and body parts for profit.[4] Appellants asserted claims against UTMB based on negligence, negligent supervision, negligent entrustment, negligence per se, breach of contract, constructive fraud and vicarious liability.

UTMB filed pleas to the jurisdiction in each suit arguing, among other contentions, that appellants failed to allege viable causes of action against it, and failed to allege facts

---

[1]Former Chief Justice Phil Johnson was on the panel that heard oral argument. He did not participate in the decision. Tex. R. App. P. 41.1(b).

[2]Appellants are the same parties listed in the opinion in *Taylor v. Anatomical Board of Texas*, 148 S.W.3d 661, 662-63 (Tex.App.–Beaumont 2004, pet. denied).

[3]The bodies were provided in conformity with the Texas Anatomical Gift Act. *See* Tex. Health & Safety Code Chapter 692 (Vernon 2003 & Supp. 2004).

[4]The petitions did not allege the sale of any specific body.

supporting a waiver of governmental immunity. The trial court granted UTMB's pleas in both cases, without stating the specific basis for its rulings. The orders also severed the claims against UTMB in each case, creating the final appealable orders now before us.

Appellants have filed a single brief in support of both appeals. In it they present two issues: (1) whether they adequately alleged a special relationship[5] to establish standing to recover mental anguish damages against UTMB; and (2) whether their pleadings properly alleged injuries caused by the use of tangible personal property, bringing their claims within the waiver of immunity under Section 101.021(2) of the Texas Tort Claims Act.[6]

Appellants presented the same issues in their appeals of the trial court's grant of the pleas to the jurisdiction filed by another defendant in the same cases, the Anatomical Board of Texas, which was affirmed in *Taylor*, 148 S.W.3d 661. In that opinion, the Beaumont court expressed agreement with the Anatomical Board's contention that the plaintiffs' claims founded on an asserted special relationship authorizing recovery of damages for mental anguish were based on contract, not tort law. *Id.* at 665. The First and Fourteenth Courts of Appeals reached the same conclusion in related cases. *See Noah v. University of Texas Medical Branch at Galveston*, No. 01-03-0985-CV, 2004 WL 1794642 (Tex.App.–Houston [1st Dist.] Aug. 12, 2004, pet. denied) (not yet reported); *University of*

---

[5]*See City of Tyler v. Likes*, 962 S.W.2d 489, 496 (Tex. 1997) (mental anguish compensable as the foreseeable result of a breach of duty arising out of certain special relationships).

[6]Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2) (Vernon 2005).

*Texas Medical Branch at Galveston v. Harrison*, No. 14-02-1276-CV, 2003 WL 21803314 (Tex.App.–Houston [14th Dist.] 2003, pet. denied) (mem. op.).  We will follow those courts' lead here.  Because the donation agreements[7] by which the decedents or family members authorized donation of the decedents' bodies spell out UTMB's obligations for the return of the cremation remains, *see DeWitt County Elec. Co-op v. Parks*, 1 S.W.3d 96, 105 (Tex. 1999), and for the further reasons discussed in *Noah* at 5, we find that appellants' special relationship claims sound in contract.

Appellants argue that the duties concerning handling of willed bodies imposed by provisions of the Health and Safety Code and the Administrative Code[8] give rise to a legally cognizable special relationship between them and UTMB.  The court rejected those contentions in *Noah*, and we also conclude that the statutory and administrative provisions cited do not form a basis for UTMB's liability to appellants independent of their relationship under the donation agreements.  *See Noah*, at 6.

By contracting with a private party, a governmental unit waives immunity from liability under the contract but not immunity from suit.  It waives immunity from suit only through express consent.  *See Catalina Dev., Inc. v. County of El Paso*, 121 S.W.3d 704, 705 (Tex. 2003); *Federal Sign v. Texas Southern Univ.*, 951 S.W.2d 401, 408  (Tex. 1997).  Appellants have not shown the existence of the required express consent for suit against

---

[7]Referred to in *Taylor* as the "willed body forms."  148 S.W.3d at 665.

[8]Appellants cite Tex. Health & Safety Code Ann. § 691.022 (Vernon Supp. 2004), and regulations of the Anatomical Board, 25 Tex. Admin. Code §§  477.4, 479.4 and 479.5 (2003).

UTMB based on breach of contract.[9]  Appellants contend that, even if their claims against UTMB are based in contract, the medical school waived its immunity from suit by accepting the donated bodies and making use of them then breaching its agreement to return the cremated remains.  *See Catalina*, 121 S.W.3d 705-06; *Federal Sign*, 951 S.W.2d at 408 n.1.  On this point also we will follow the *Harrison* and *Noah* opinions, and decline to find that UTMB's conduct served to waive its immunity.  *Noah,* at 7; *Harrison,* at 2.  *See also Taylor*, 148 S.W.3d at 665. Accordingly, the trial court did not err in its grant of UTMB's plea to the jurisdiction.

Appellants' first issue is overruled, and our disposition of it makes consideration of their second issue unnecessary.  We affirm the orders of the trial court dismissing appellants' claims against UTMB.

James T. Campbell
Justice

---

[9]The provisions of Chapter 2260 of the Government Code have no application here because appellants' claims are for personal injury.  *See* Tex. Gov't Code Ann. § 2260.002 (Vernon 2000).

5