Affirmed and Majority and Concurring Opinions filed June 30, 2005









Affirmed and Majority and
Concurring Opinions filed June 30, 2005.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-01400-CV

_______________

 

HELEN ROBINSON, Appellant

 

V.

 

UNIVERSITY OF TEXAS MEDICAL
BRANCH AT GALVESTON, Appellee

_____________________________________________________________________

 

On Appeal from the 10th District Court

Galveston County, Texas

Trial Court Cause No. 02‑CV1466‑A

_____________________________________________________________________

 

M A J O R I T Y   O P I
N I O N

This suit involves the mishandling of the remains of a
deceased.  Appellant, Helen Robinson (ARobinson@), appeals an order granting the plea
to the jurisdiction of appellee, The University of Texas Medical Branch at
Galveston (AUTMB@), wherein the trial court concluded
that Robinson=s claims sound in contract, not tort;
consent for suit was not obtained, and thus, UTMB retains sovereign immunity
from suit; and Robinson did not avail herself of her administrative remedies
prior to suit, thus, preventing her from prosecuting her suit against
UTMB.  








Robinson contends in three issues that (1) UTMB=s failure to properly return her
husband=s remains constitutes a tort arising
from a duty to properly handle human remains; (2) the use of a body to train
medical students constitutes the Ause of property@ such as to waive sovereign immunity;
and (3) UTMB=s failure to return her husband=s body constitutes a breach of
contract, and, thus, the waiver provisions of the Texas Tort Claims Act[1]
provide her relief from UTMB=s immunity claims.  We
affirm.

Background

Helen Robinson filed suit against UTMB for the mishandling of
the remains of her deceased husband, Ray Robinson.  Mr. Robinson donated his body to the
Anatomical Board of the State of Texas with arrangements for disposition to be
made by UTMB under the AUTMB Willed-Body Program.@[2] 
Prior to his death, he executed a document entitled AWill Form@ which provided, among other
provisions, for the cremation of his body on final disposition.  By handwritten annotation, Mr. Robinson
directed that after cremation his body be returned to his family.  The agreement also contained an express
relinquishment of rights and claims for liability against the Anatomical Board
of the State of Texas and the receiving institution. 

Mr. Robinson=s body was delivered to UTMB upon his death.  Later, Robinson received notification from
UTMB that it was unable to return her husband=s ashes as the ashes were commingled
with other donors= ashes.








Robinson filed suit asserting a breach of contract claim,
negligence, gross negligence for mental anguish, negligent supervision and
constructive fraud.  UTMB filed a plea to
the jurisdiction alleging sovereign immunity, lack of legislative consent to
sue, and that the suit fell outside the Texas Tort Claims Act as the body was
not personal property.  The plea to the
jurisdiction was granted by the trial court.

Standard of Review

A governmental unit is immune from suit and liability unless
the state has granted consent.  Dallas
Area Rapid Transit v. Whitley, 104 S.W.3d 540, 542 (Tex. 2003).  A governmental entity=s immunity from suit defeats a court=s subject matter jurisdiction.  Id. 
Thus, in a suit against a governmental unit, a plaintiff must
affirmatively demonstrate the court=s jurisdiction by alleging a waiver
of that immunity.  See id.  In determining whether a plaintiff has met
this burden in a plea to the jurisdiction based on sovereign immunity, we look
to the facts alleged by the plaintiff and the evidence relevant to the
jurisdictional issue to determine whether the claim comes within a waiver of
immunity.  Id.  In this case, it is undisputed that UTMB is a
governmental unit and shares this governmental immunity.  See Lowe v. Tex. Tech Univ., 540
S.W.2d 297, 298 (Tex. 1976).

Breach of Contract Claim

Robinson, in her third issue, argues that UTMB violated the
agreement by not returning her husband=s remains.  She further argues that UTMB is not immune
from suit for breach of contract by reason of sovereign immunity because of the
performance by Robinson of the terms of the agreement.  In response, UTMB argues that Robinson cannot
prevail because the state did not consent to the suit.

When the state contracts with a private party, it thereby
waives immunity from liability, but not from suit, which can only be waived by
express consent of the legislature.  See Catalina Dev., Inc. v. County of El Paso,
121 S.W.3d 704, 705 (Tex. 2003).  For the
legislature to waive the state=s sovereign immunity, a statute or resolution must contain a
clear and unambiguous expression of the legislature=s waiver of immunity.  Wichita Falls State Hosp. v. Taylor,
106 S.W.3d 692, 696 (Tex. 2003).








For agreements entered into between the state and an
individual, such as this one, after August 30, 1999, Chapter 2260 of the Texas
Government Code provides the exclusive and required method for resolving breach
of contract suits.  Tex. Gov=t Code Ann. ' 2260.005 (Vernon Supp. 2004B05); Gen. Servs. Comm=n v. Little-Tex Insulation Co., 39 S.W.3d 591, 597 (Tex. 2001), overruled
on other grounds by Texas Dep=t of Parks & Wildlife v. Miranda, 133 S.W.3d 217 (Tex. 2004)).  Compliance with Chapter 2260 is necessary
before a party can sue the state for breach of contract.  Texas Dep=t of Transp. v. Aer-Aerotron, Inc., 39 S.W.3d 220, 221 (Tex.
2001).  Chapter 2260 provides an
administrative process for the resolution of written contract claims against
the state arising from the sale of goods, services, or construction.  See Tex.
Gov=t Code Ann. ' 2260.001(1) (Vernon 2000); Little-Tex
Insulation Co., 39 S.W.3d at 595. 
Such administrative process requires that written notice be provided to
the state within 180 days of the event giving rise to the claim with such
notice stating with particularity the nature of the breach, the amount claimed
for damages, and the legal theory for the recovery.  Tex.
Gov=t Code Ann. '2260.051 (Vernon 2000).

Robinson did not plead or prove
that she followed these procedures and availed herself of Chapter 2260=s
exclusive method for resolving breach of contract claims. 
She further failed to plead or prove that the legislature consented to
suit in the form of a statute or resolution. 
As a result, Robinson=s contract claim must fail, and we overrule her third issue.

Claim Of Sovereign Immunity Waiver








Robinson next contends that UTMB=s use of her husband=s body to train medical students
constitutes Ause of tangible personal property@ such that the Texas Tort Claims Act=s waiver of immunity applies.  For use of property to occur under the Texas
Tort Claims Act, one must Aput or bring@ the property into Aaction or service.@ 
Kerrville State Hosp. v. Clark, 923 S.W.2d 582, 584 (Tex.
1996).  AUse@ under the Texas Tort Claims Act has
been defined to mean Ato employ for or apply to a given purpose.@ 
Univ. of Texas Med. Branch v. York, 871 S.W.2d 175, 178
(Tex. 1994).  For the property exception
to apply, the property must be the instrumentality of the harm.  Texas Dep=t of Crim. Justice v. Diller, 127 S.W.3d 7, 11 (Tex. App.CTyler 2002, pet. denied).  Here, UTMB=s use of the body was complete, and
the only act remaining was the return of the ashes to Robinson.  Return of the ashes was not the intended use
of the body; therefore, the Texas Tort Claims Act=s waiver provisions do not
apply.  As a result, this contention
fails, and we overrule Robinson=s second issue.

Special Relationship Claim

Robinson contends in her first issue that UTMB=s failure to return her husband=s remains gives rise to a cognizable
tort claim due to the long standing legal duty to properly handle human
remains.  Texas does not recognize a
general legal duty not to negligently inflict mental anguish damages for such
damages are only recoverable for the breach of some other legal duty.  City of Tyler v. Likes, 962 S.W.2d
489, 494 (Tex. 1997); Boyles v. Kerr, 855 S.W.2d 593, 594 (Tex.
1993).  Robinson asserts that the
provisions contained in the enabling statutes permitting the willed body
program provide that legal duty.

The Texas Legislature provided for the distribution of
cadavers to institutions such as UTMB through the Anatomical Board of the State
of Texas (AAnatomical Board@). 
Tex. Health & Safety Code
Ann. ' 691.022 (Vernon Supp. 2004B05). 
The Anatomical Board has provided that the dissection of human remains
is a special privilege and provided for the return of the remains to the family
if so requested.  25 Tex. Admin. Code '' 479.4, 479.5 (2004).

Robinson urges that these statutory requirements create a Aspecial relationship@ which has been recognized by the
courts.  Kerr, 855 S.W.2d at
600.  Robinson further argues that this
special duty is akin to a fiduciary duty which would remove her claim from
immunity from suit.  UTMB, on the other
hand, urges that there is no recognized cause of action against state entities
for which mental anguish damages are recoverable.








In order for the Texas Tort Claims Act to waive sovereign
immunity in limited circumstances, there must already exist a cause of action
outside the Texas Tort Claims Act.  Likes,
962 S.W.2d at 494.  However, the Texas
Tort Claims Act makes no reference to statutory duties, and there is no
pre-existing common law tort duty regarding the handling of willed bodies.  See Tex.
Civ. Prac. & Rem. Code Ann. '' 101.001B.109; cf. Perry v. S.N.,
973 S.W.2d 301, 309 (Tex. 1998) (refusing to adopt a statutory duty under the
Family Code as a duty and standard of conduct in tort).  The existence of statutory duties does not
create a special duty cause of action for which mental anguish damages are
recoverable.  Cf. Fitzgerald v.
Copeland, 80 S.W.3d 297, 305 (Tex. App.CFort Worth, 2002, pet. denied) (A[A] motorist owes no special duty to
avoid inflicting mental anguish damages on other users of the highway.@).

Robinson further urges that UTMB=s failure to return the body, in
accordance with the instructions contained in the contract, creates a breach of
a special duty permitting recovery under the Texas Tort Claims Act for mental
anguish damages.  A claim for mental
anguish damages based on a special relationship is not a separate cause of
action, but merely an element of recovery for the breach of another legal
duty.  Univ. of Tex. Med. Branch at
Galveston v. Harrison, No. 14-02-01276-CV, 2003 WL 21803314, at *3 n.3
(Tex. App.CHouston [14th Dist.] Aug. 7, 2003,
pet. denied).  The character of the
claim, as between tort and contract, is determined by the source of the duty
breached, not whether the breach results from negligence.  Id. (citing DeWitt County Elec.
Co-op v. Parks, 1 S.W.3d 96, 105 (Tex. 1999).  Such claim by Robinson would depend upon the
existence of a contractual duty which UTMB breached. As the contract spells out
the parties= rights concerning the use of the
body, the contract would govern the dispute between the parties.  Dewitt, 1 S.W.3d at 105.








This special relationship claim asserted by Robinson arises
from the contract and not an independent tort action.  Noah v. University of Tex. Med. Branch at
Galveston, No. 01‑03‑00985, No. 01‑03‑00986‑CV,
2004 WL 1794642, at *9 (Tex. App.CHouston [1st Dist.] Aug. 12, 2004,
pet. denied); Taylor v. Anatomical Board of 
Texas, 148 S.W.3d 661, 665 (Tex. App.CBeaumont 2004, pet. denied).  By entering into a contract the State does
not waive its immunity from suit.  Fed.
Sign v. Texas S. Univ., 951 S.W.2d 401, 408 (Tex. 1997), superseded by
statute on other grounds as stated in Little‑Tex Insulation Co., 39
S.W.3d at 593.  By its failure to return
the remains, as set forth in the contract, Robinson is asserting a waiverBbyBconduct exception to the
sovereign-immunity rule.  The Texas
Supreme Court has expressly declined to adopt such an exception, and we decline
to do so here.  See Texas Natural Res.
Conservation Comm=n. v. ITBDavy, 74 S.W.3d 849, 857 (Tex. 2002).

As explained above, in this context, breach of contract
claims are not actionable against UTMB and cannot promote a cognizable claim
for mental anguish damages.  UTMB has not
waived immunity from suit by contracting with Robinson in this instance, and
Robinson has not availed herself of her administrative remedies as provided by
the legislature.  The legislature has
provided that Robinson may pursue her claims through legislative consent,
administrative review or resolution of the legislature.  See id. at 860.  Robinson has, however, sought judicial
review, and the law does not favor her in this regard, and her claim is
rejected.








Robinson further argues that UTMB is liable to her for its
negligent supervision of the Willed Body Program, and such failure constitutes
a misuse of tangible property that injured her. 
She cites Texas A & M University v. Bishop, in which the
court found that tangible personal property was misused when the university
failed to adequately supervise students presenting a drama wherein one of the
students was injured by a knife used in the play.  105 S.W.3d 646, 656 (Tex. App.CHouston [14th Dist.] 2002), rev=d, 156 S.W.3d 580 (Tex. 2005).  However, the Texas Supreme Court in reversing
Bishop, found that the faculty sponsors, and their employer, Texas A
& M University, did not Ause@ the personal property and thus did not waive immunity.  See Bishop, 156 S.W.3d at 583B84. 
As we have found that the intended use of the body had been completed,
there was no use of property that would fall under the limited waivers of the
Texas Tort Claims Act.  Thus, there can
be no negligent supervision constituting a misuse of tangible property, and
this claim fails.

Robinson next claims constructive fraud against UTMB for UTMB=s breach of its special duty to
properly handle willed bodies, i.e. a breach of fiduciary duty.  The Tort Claims Act provides for governmental
unit liability for personal injury caused by a condition or use of tangible
personal property if the governmental unit would, were it a private person, be
liable to the claimant according to Texas law. 
Tex. Civ. Prac. & Rem. Code
Ann. '101.021(2) (Vernon 1997).  The claim for constructive fraud does not
fall within the Texas Tort Claim Act=s limited waiver of immunity;
therefore, UTMB retains its immunity.  See
City of Fort Worth v. Pastusek Indus., Inc., 48 S.W.3d 366, 372 (Tex.
App.CFort Worth 2001, no pet.).  As we have already determined that there is
no claim for misuse of tangible personal property, this claim must also fail.

In this case, except for the contract claim, addressed
previously, Robinson alleges no cause that would defeat the sovereign immunity
enjoyed by UTMB.  All the remaining
causes allege a special relationship cause of action against UTMB arising out of
the willed donor contract.  We conclude
the special relationship cause of action sounds in contract, and we have found
no Texas case law supporting a tort duty owed to Robinson.  Therefore, we overrule Robinson=s first issue.

Accordingly,
we affirm the judgment of the trial court.

 

/s/        Brady G. Elliott

Judge

 

Judgment rendered
and Majority and Concurring Opinions filed June 30, 2005.

Panel consists of Justices Fowler, Edelman, and
Elliott.[3]  (Fowler, J., concurring.) 

 

 











[1]  See Tex. Civ. Prac. & Rem. Code Ann. '' 101.001B.109
(Vernon 1997 & Supp. 2004B05) (hereinafter ATexas
Tort Claims Act.@)





[2]  Authorization
for the receipt of bodies is through the Anatomical Board of the State of
Texas.  Tex.
Health & Safety Code Ann. ' 691.028
(Vernon Supp. 2004B05).





[3]  The Honorable
Brady G. Elliott, Judge of the 268th District Court of Fort Bend County,
sitting by assignment pursuant to Tex.
Gov=t Code Ann. ' 74.003(h) (Vernon 2005).