Affirmed and Memorandum Opinion filed August 11, 2005









Affirmed and Memorandum Opinion filed August 11, 2005.

 

 

In The

Fourteenth Court of Appeals

____________

 

NO. 14-03-01321-CV

____________

 

 

TED
BREEZY, INDIVIDUALLY AND AS THE REPRESENTATIVE OF THE ESTATE OF ELIZABETH ANN
BREEZY; JOAN
BREEZY SPEER; KATHLEEN HAGAN; VICTORIA QUINN; PAUL HARGRAVE, INDIVIDUALLY AND
AS THE REPRESENTATIVE OF THE ESTATE OF MICHAEL HARGRAVE; LEANNA LANKFORD,
INDIVIDUALLY AND AS THE REPRESENTATIVE OF THE ESTATE OF BONNIE STANFORD O=NEAL; SANDRA KOHLENBERG,
INDIVIDUALLY AND AS THE REPRESENTATIVE OF THE ESTATE OF BILLIE KOHLENBERG;
JOANN COOPER, INDIVIDUALLY AND AS THE REPRESENTATIVE OF THE ESTATE OF EDNA
MAHAFFY; GEORGE OLIVER, JR., INDIVIDUALLY AND AS THE REPRESENTATIVE OF THE
ESTATE OF GEORGE DAVIS OLIVER, SR.; TANA EVERETT; CLIFTON EVERETT, INDIVIDUALLY
AND AS THE REPRESENTATIVE OF THE ESTATE OF BILLY EVERETT; DARON C. MCCASLIN,
INDIVIDUALLY AND AS THE REPRESENTATIVE OF THE ESTATE OF JAMES B. MCCASLIN; EDNA
PAULINE MCCASLIN; TODD SISSON, INDIVIDUALLY AND AS THE REPRESENTATIVE OF THE
ESTATE OF LINDA PORRITT; SHAD SISSON; BRANDI LANDUYUT; HARRIET WHITWORTH,
INDIVIDUALLY AND AS THE REPRESENTATIVE OF THE ESTATE OF JOHN WHITWORTH; SAMUEL
WHITWORTH; BARBARA HUNT; MELINDA SLAUGHTER, INDIVIDUALLY AND AS THE
REPRESENTATIVE OF THE ESTATE OF MICHAEL GRAF; LACY GRAF; ANDREW GRAF; HELEN
CARRIG, INDIVIDUALLY AND AS THE REPRESENTATIVE OF THE ESTATE OF PAUL CARRIG;
THERESA CARRIG; KAY CALLIN; MARTIN CARRIG; TINA VAUGHN, INDIVIDUALLY AND AS THE
REPRESENTATIVE OF THE ESTATE OF PEARL ETHEL PURVIS; KEVIN TIPPIE; RICARDO
BILLESCAS, INDIVIDUALLY AND AS THE REPRESENTATIVE OF THE ESTATE OF IMELDA
BILLESCAS ROMEROS; IRMA YOUNG; VERONICA LOPEZ; YOLANDA B. GARCIA; AND BELIA V.
ZAMORA, Appellants

 

V.

 

THE ANATOMICAL
BOARD OF THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 10th
District Court

Galveston County, Texas

Trial Court Cause No. 02-CV-0871

 



 








M E M O R A N D U M   O P I N I O N

Appellants[1]
are family members of deceased individuals who donated their bodies to the
University of Texas Medical Branch at Galveston (AUTMB@) through its
willed body program, wherein donors enter into a contract with UTMB for their
bodies to be used for advancing medical science.  Appellants contend that UTMB failed in its
promise to return the ashes of their loved ones, instead commingling them with
the ashes of other donors.  Appellants
also allege that some of the donors= body parts were
sold for profit.  Appellants sued
eighteen defendants in connection with the mishandling of these corpses,
including appellee the Anatomical Board of the State of Texas (Athe Board@), which they sued
for negligence, negligent supervision, negligent entrustment, negligence per
se, breach of contract, constructive fraud, and vicarious liability.  The trial court granted the Board=s plea to the
jurisdiction based on sovereign immunity, and this appeal followed.  We affirm.








In Texas, sovereign immunity protects a
unit of state government against lawsuits for damages unless the state has
consented to suit.  Tex. Dep=t of Parks &
Wildlife v. Miranda, 133 S.W.3d 217, 224 (Tex. 2004).  The Board is a state agency entitled to such
immunity.  Taylor v. Anatomical Bd.,
148 S.W.3d 661, 663 (Tex.
App.CBeaumont 2004, pet.
denied).  Sovereign immunity encompasses
two distinct principles:  immunity from
suit and immunity from liability.  Miranda,
133 S.W.3d at 224.  When a governmental
unit contracts with a private party, it thereby waives immunity from liability
but not immunity from suit.  Catalina
Dev., Inc. v. County of El Paso, 121 S.W.3d 704, 705 (Tex. 2003).  It is the role of the Texas Legislature to
waive immunity from suit, and to constitute a waiver, a statute or resolution
must contain a clear and unambiguous expression of such a waiver.  Wichita Falls State Hosp. v. Taylor,
106 S.W.3d 692, 696 (Tex. 2003). 
Appellants do not contend that the legislature has waived immunity
through a statute or resolution for any contract-based claims in this case, and
thus, any claims that sound in contract are barred by sovereign immunity.[2]

Through their various causes of action,
appellants primarily seek recovery for mental anguish caused by the mishandling
of their family members= bodies. 
In Texas, there is no duty to avoid negligently inflicting emotional
distress.  Lions Eye Bank v. Perry,
56 S.W.3d  872, 875 (Tex. App.CHouston [14th Dist.] 2001, pet.
denied) (citing Boyles v. Kerr, 855 S.W.2d 593, 594 (Tex. 1993)).  Thus, emotional distress damages are
available for only limited types of claims, including Athe foreseeable
result of a breach of duty arising out of certain special relationships.@  Id. at 876.  Appellants= theory in their
two issues on appeal is that (1) the contract between the donors and UTMB,
along with various statutory duties,[3]
creates a Aspecial relationship@ that gives rise
to tort-based claims and (2) the legislature has waived immunity for these tort
claims under the Texas Tort Claims Act, Tex.
Civ. Prac. & Rem. Code Ann. ' 101.021 (Vernon
2005).  








This court has addressed these very issues
in two other cases involving UTMB=s willed body
program.  See Robinson v. Univ. of
Tex. Med. Branch at Galveston, No. 14-03-01400-CV, __ S.W.3d __, 2005 WL
1529402 (Tex. App.CHouston [14th Dist.] June 30, 2005, no
pet. h.); Univ. of Tex. Med. Branch at Galveston v. Harrison, No.
14-02-01276-CV, 2003 WL 21803314 (Tex. App.CHouston [14th Dist.] Aug. 7, 2003, pet. denied) (mem.
op.).  In Harrison, we stressed
that Athe character of a
claim, as between tort and contract, is determined by the source of the duty
breached, not whether the breach results from negligence.@  Harrison,  2003 WL 21803314, at *3.  Thus, we held that the duties created by the
donation contract give rise to contract-based claims, which are barred by
sovereign immunity.  Id.; see
also Robinson, 2005 WL 1529402, at *3B4; Taylor,
148 S.W.3d at 665; Noah v. Univ. of Tex. Med. Branch at Galveston, Nos.
01-03-00985-CV & 01-03-00986-CV, __ S.W.3d __, 2004 WL 1794642, at *5 (Tex. App.CHouston [1st Dist.] Aug. 12, 2004,
pets. denied).  In Robinson, we
considered and rejected the argument that the statutory duties relied upon by
appellants give rise to a tort cause of action: 
AThe existence of
statutory duties does not create a special duty cause of action for which
mental anguish damages are recoverable.@  Robinson, 2005 WL 1529402, at *3; see
also Taylor, 148 S.W.3d at 665; Noah, 2004 WL 1794642, at *6.

Harrison and Robinson
clearly dictate that appellants= claims are
contract-based and therefore barred by sovereign immunity.  We overrule appellants= first issue.  Because we determine that their claims sound
in contract rather than tort, we need not address whether appellants= claims are
permitted by the Texas Tort Claims Act, as alleged in their second issue.  We affirm the trial court=s judgment.

 

 

/s/      Leslie Brock Yates

Justice

 

Judgment
rendered and Memorandum Opinion filed August 11, 2005.

Panel
consists of Justices Yates, Anderson, and Hudson.











[1]  Appellants are Ted Breezy,
Individually and as the Representative of the Estate of Elizabeth Ann Breezy;
Joan Breezy Speer; Kathleen Hagan; Victoria Quinn; Paul Hargrave, Individually
and as the Representative of the Estate of Michael Hargrave; LeAnna Lankford,
Individually and as the Representative of the Estate of Bonnie Stanford O=Neal; Sandra Kohlenberg,
Individually and as the Representative of the Estate of Billie Kohlenberg;
Joann Cooper, Individually and as the Representative of the Estate of Edna
MaHaffy; George Oliver, Jr., Individually and as the Representative of the
Estate of George Davis Oliver, Sr.; Tana Everett; Clifton Everett, Individually
and as the Representative of the Estate of Billy Everett; Daron C. McCaslin,
Individually and as the Representative of the Estate of James B. McCaslin; Edna
Pauline McCaslin; Todd Sisson, Individually and as the Representative of the
Estate of Linda Porritt; Shad Sisson; Brandi Landuyut; Harriet Whitworth,
Individually and as the Representative of the Estate of John Whitworth; Samuel
Whitworth; Barbara Hunt; Melinda Slaughter, Individually and as the
Representative of the Estate of Michael Graf; Lacy Graf; Andrew Graf; Helen
Carrig, Individually and as the Representative of the Estate of Paul Carrig;
Theresa Carrig; Kay Callin; Martin Carrig; Tina Vaughn, Individually and as the
Representative of the Estate of Pearl Ethel Purvis; Kevin Tippie; Ricardo
Billescas, Individually and as the Representative of the Estate of Imelda
Billescas Romeros; Irma Young; Veronica Lopez; Yolanda B. Garcia; and Belia V.
Zamora.





[2]   Appellants
argue that the Board=s immunity from suit has been waived Aby its conduct in accepting full contractual
performance from a private party.@  Although the Texas Supreme Court has alluded
to the possibility that the State could waive its immunity from a breach of
contract suit by conduct, see Catalina, 121 S.W.3d at 705B06,  it has yet
to set forth guidance on when finding such a waiver would be appropriate, and
we decline to do so here.  See Robinson v. Univ. of Tex. Med.
Branch at Galveston,
No. 14-03-01400-CV, __ S.W.3d __, 2005 WL 1529402, at *4 (Tex. App.CHouston
[14th Dist.] June 30,
2005, no pet. h.); Univ. of Tex. Med. Branch at Galveston v. Harrison,
No. 14-02-01276-CV, 2003 WL 21803314, at *2 n.2 (Tex. App.CHouston [14th Dist.] Aug. 7, 2003,
pet. denied) (mem. op.); see also Noah v. Univ. of Tex. Med. Branch
at Galveston, Nos. 01-03-00985-CV & 01-03-00986-CV, __ S.W.3d __, 2004
WL 1794642, at *7 (Tex. App.CHouston [1st Dist.] Aug. 12, 2004, pets. denied).





[3]   See, e.g.,
Tex. Health & Safety Code Ann.
' 691.022 (Vernon Supp. 2004B2005) (AGeneral
Duties@ of the Board); 25 Tex.
Admin. Code ' 479.4 (2005) (AFinal
Disposition of the Body and Disposition of Remains@); 25 Tex.
Admin. Code ' 479.5 (2005) (AAbuse of
a Corpse@).